**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DR. HAROLD C. SIVAS,** | **CASE NO. 1:19-CV-00537-LJO-BAM** |
| **Plaintiff,** | **ORDER GRANTING UNOPPOSED MOTION TO DISMISS (ECF NO.7)** |
| v. | |
| **LUXOTTICA RETAIL NORTH AMERICA, INC.; ASHLEY JONES; LIZ TORRES; and DOES 1-10, inclusive,** | |
| **Defendants.** | |

Plaintiff Dr. Harold C. Sivas, who is represented by counsel, filed this action on March 25, 2019 in Fresno County Superior Court. ECF No. 1-1 (Complaint). Defendant Luxottica Retail North America, Inc. ("Luxottica") operates Target Optical retail stores in space leased from Target. *See id*. at ¶ 2. Dr. Sivas, who is an optometrist, subleases space from Luxottica in two Target locations: Clovis, California and Fresno, California. *Id*. at 1-2, 10-17. Defendants Ashley Jones and Liz Torres work as the Manager and District Manager, respectively, of Target Optical in Clovis. *Id*. at ¶¶ 3-4. Dr. Sivas alleges that he is sixty-five years old and has been diagnosed with Parkinson's disease. *Id*. at ¶ 8.

1

Plaintiff complains that he was subjected to "adverse employment actions," including the direction by Defendants of Plaintiff's business to other optometrists, *see id*. at ¶ 49, because of his Parkinson's disease, in violation of the Americans with Disabilities Act ("ADA"). *Id* at ¶¶ 61-73. Plaintiff also brings a cause of action for elder abuse under California Welfare & Institutions Code §§ 15600 *et seq*., based on the allegation that Defendants "utilized undue influence in depriving [Plaintiff] of substantial income by directing substantial business away from Dr. Sivas and toward other employees working at LUXOTTICA's locations." *Id*. at ¶ 78. He also brings a state law cause of action for intentional interference with prospective economic advantage based on the same conduct. *Id*. at ¶¶ 81-89.

On May 16, 2019, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Defendants contend that the ADA claim should be dismissed because Plaintiff concedes Luxottica is not his employer; that the elder abuse claim fails to allege a required element of "financial abuse" as that term is defined by California Welfare & Institutions Code § 15610.30; and that the intentional interference claim fails to allege that Plaintiff's relationship with Luxottica was disrupted. *See generally id*. Plaintiff filed no opposition to the motion. Because of his non-opposition, Plaintiff is not entitled to be heard at any hearing pertaining to the motion do dismiss. *See* Local Rule 230(c). Having reviewed the motion in light of the entire record, the Court deemed the matter suitable for disposition on the papers without oral argument pursuant to Local Rule 230(g). ECF No. 8.

The Court declines to address the arguments made in the motion in detail and instead summarily DISMISSES the Complaint on the basis that the plaintiff expresses no opposition to the motion to dismiss. *See Way v. JPMorgan Chase Bank, N.A*., No. 2:16-CV-02244 TLN KJN, 2019 WL 1405599, at *1 (E.D. Cal. Mar. 28, 2019) (reviewing local rules and caselaw permitting summary dismissal under similar circumstances). As this is the first round of motions to dismiss, this dismissal will be WITH LEAVE TO AMEND. The Court does not agree at this stage with Defendants' assertion that amendment

2

would be futile, because it is not totally out of the question that an independent contractor could assert a related federal claim under the Rehabilitation Act, 29 U.S.C. § 794. Nonetheless, should Plaintiff attempt to amend, Plaintiff's counsel is cautioned to be cognizant of Federal Rule of Civil Procedure 11. Plaintiff shall have twenty (20) days to amend the Complaint. If he fails to file an amended complaint by that deadline, the case will be closed.

IT IS SO ORDERED.

    Dated: __**June 12, 2019**__                 _____**/s/ Lawrence J. O'Neill**_____
                                                                      UNITED STATES CHIEF DISTRICT JUDGE