# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. HAROLD C. SIVAS,<br><br>Plaintiff,<br><br>v.<br><br>LUXOTTICA RETAIL NORTH AMERICA, INC.; ASHLEY JONES; LIZ TORRES; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 1:19-CV-00537-LJO-BAM<br><br>ORDER GRANTING MOTION TO DISMISS (ECF NO. 11) |

## I. BACKGROUND[1]

Plaintiff Dr. Harold C. Sivas filed this action on March 25, 2019 in Fresno County Superior Court. ECF No. 1-1 ("Complaint"). On June 12, 2019, this Court granted without prejudice Defendants'

---

[1] Unless otherwise noted, the facts are taken from the First Amended Complaint, ECF No. 10. For purposes of Defendants' motion to dismiss, all alleged material facts are construed in the light most favorable to the Plaintiff. *Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010).

unopposed motion to dismiss the Complaint. ECF No. 9. Plaintiff filed the First Amended Complaint ("FAC") on July 1, 2019. ECF No. 10. Defendant Luxottica Retail North America, Inc. ("Luxottica") operates Target Optical retail stores in space leased from Target. *See id*. ¶ 2. Dr. Sivas, who is an optometrist, subleases space from Luxottica in two Target locations: Clovis, California and Fresno, California. *Id*. ¶¶ 1-2, 10-17. Defendants Ashley Jones and Liz Torres work as the Manager and District Manager, respectively, of Target Optical in Clovis. *Id*. ¶¶ 3-4. Dr. Sivas alleges that he is sixty-five years' old and has been diagnosed with Parkinson's disease. *Id*. ¶ 8.

Plaintiff complains that he was subjected to "adverse employment actions," including the direction by Defendants of Plaintiff's business to other optometrists, *see id*. ¶ 49, because of his Parkinson's disease, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq. Id.* ¶¶ 62-74. Plaintiff also brings a cause of action for elder abuse under California Welfare & Institutions Code §§ 15600 *et seq*. based on the allegation that Defendants "utilized undue influence in depriving [Plaintiff] of substantial income by directing substantial business away from Dr. Sivas and toward other employees working at LUXOTTICA's locations." *Id*. ¶ 79. He also brings a state law cause of action for intentional interference with prospective economic advantage based on the same conduct. *Id*. ¶¶ 82-90.

After Plaintiff filed the FAC, Defendants renewed their motion to dismiss under Rule 12(b)(6), arguing that Plaintiff has failed to state a claim for relief. ECF No. 11. Defendants contend that the ADA claim should be dismissed because Plaintiff concedes Luxottica is not his employer; that the elder abuse claim fails to allege the required element of "financial abuse" as that term is defined by California Welfare & Institutions Code § 15610.30; and that the intentional interference claim fails to allege that Plaintiff's relationship with Luxottica was disrupted. *See generally id*.

Having reviewed the motion in light of the entire record, the Court deems the matter suitable for disposition on the papers without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, Defendants' motion to dismiss is GRANTED WITH PREJUDICE AND WITHOUT LEAVE TO

AMEND.

## II. ANALYSIS

**A.    Legal Standard**

    **1.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>**

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting

all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). A court need not permit an attempt to amend if "it is clear the complaint could not be saved by amendment." *Livid Holding Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

**B.    Sufficiency of Plaintiff's Claims under Rule 12(b)(6)**

    **1.    ADA Claim**

Plaintiff argues in his opposition brief that under *Dynamex Operations W. Inc. v. Superior Court of Los Angeles Cty.*, 4 Cal. 5th 903 (2018), Luxottica is his "employer" even despite the parties labeling Dr. Sivas as an independent contractor. Plaintiff also argues that Luxottica is his "de facto" employer. Yet Plaintiff cites to no authority which demonstrates that the ADA applies to "de facto" as opposed to actual employers. The Court finds Plaintiff's arguments to be unpersuasive.

The ADA prohibits discrimination by any employer, employment agency, or labor organization. 42 U.S.C. § 12112(a). The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees . . . ." 42 U.S.C. § 12111(5)(A).

The FAC belies Dr. Sivas's argument that Luxottica is his employer. As noted in Defendants' Motion to Dismiss, Dr. Sivas agreed to certain staffing parameters after negotiations and discussions with Luxottica. ECF No. 11-1, at 6; ECF No. 10, Schedule E, § 4. In addition, the Sublease Agreement, attached to the FAC, explicitly states that neither party is an employee of the other. "Doctor [Sivas] and Sublessor [Luxottica] represent and warrant that neither party is an agent, *employee* or legal representative of the other party, for any purpose whatsoever." ECF No. 10, Ex. B, "Sublease Agreement" ¶ 18 (emphasis added).

Next, *Dynamex*, 4 Cal. 5th 903, is not controlling of whether Dr. Sivas is an employee of

4

Luxottica for the purposes of the ADA. *Dynamex* specifically interpreted whether workers should be classified as employees or independent contractors for purposes of California wage orders relating to minimum wages, maximum hours, and a limited number of basic working conditions of California employees. 4 Cal. 5th at 913-14. Where Plaintiff has not cited authority to the contrary, this Court will not extend the application of *Dynamex* to the present case. *See Henry v. Cent. Freight Lines, Inc.*, No. 2:16-cv-00280-JAM-EFB, 2019 WL 2465330 at *8 (E.D. Cal. 2017) (Court declining to extend *Dynamex* "ABC" test beyond the specific California wage orders context).[2]

The Sublease Agreement submitted by Dr. Sivas demonstrates that he and Luxottica have a landlord-tenant relationship rather than an employer-employee relationship. Dr. Sivas leased the target optical space to run his independent optometry services. *See* ECF No. 10, Ex. D.[3]

Because Plaintiff has not cured the defects in the ADA claim, it is clear the claim cannot be cured by pleading additional facts. Thus, the ADA claim is dismissed with prejudice and without leave to amend.

### 2. Elder Abuse Claim

Next, Plaintiff brings a cause of action for elder abuse under California Welfare & Institutions Code §§ 15600 *et seq.*, based on the allegation that Defendants "utilized undue influence in depriving [Plaintiff] of substantial income by directing substantial business away from Dr. Sivas and toward other employees working at LUXOTTICA's locations." ECF No. 10 ¶ 79. In Defendants' motion to dismiss, they argue that this claim fails to allege the required element of "financial abuse" as the term is defined in California Welfare & Institutions Code § 15610.30.

---

[2] The Court notes that even if *Dynamex* were to apply, considering the Sublease Agreement and the circumstances of Dr. Sivas's relationship with Luxottica, the factors demonstrate that Dr. Sivas is not an employee of Luxottica. *See Dynamex*, 4 Cal. 5th at 955-56.

[3] And as Defendants point out, California Law prohibits Luxottica from employing an optometrist. *See* Cal. Bus. & Prof. Code § 2556(a) ("it is unlawful for a registered dispensing optician to . . . directly employ an optometrist . . . for the purpose of examination or treatment of the eyes.").

5

"Financial abuse" of an elder occurs when a person or entity:

(1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70.

Cal. Welfare & Institutions Code § 15610.30.

Dr. Sivas has failed to allege the requisite taking of real or personal property. The FAC alleges that Defendants utilized undue influence to deprive Dr. Sivas of income by directing business away from Dr. Sivas. ECF No. 10 ¶ 79. Borrowing the reasoning from *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1180-81 (E.D. Cal. 2011), Dr. Sivas's claim that he was deprived of future income does not satisfy the requirement that Plaintiff alleged a deprivation of real or personal property. Under California law, "real property" is coextensive with "lands, tenements, and hereditaments" and personal property includes "money, goods, chattels, things in action, and evidences of debt." *Hardin*, 813 F. Supp. 2d at 1181. Therefore, Dr. Sivas's elder abuse claims fails because he does not allege that Defendants took or assisted in taking real or personal property.

Dr. Sivas has been unable to cure the defects in the elder abuse claim and it is therefore dismissed with prejudice and without leave to amend.

### 3. **Intentional Interference with Prospective Economic Advantage**

The elements for intentional interference with prospective economic advantage are:

(1) [a]n economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Youst v. Longo*, 43 Cal. 3d 64, 71 n.6 (1987).

Dr. Sivas claims Defendants committed the tort by interfering with his economically advantageous relationship with Luxottica. ECF No. 10 ¶ 87. He fails to specifically state what acts constitute the interference other than generally referring to all the conduct alleged in the complaint. This bare recital of the elements of the cause of action will not suffice. *See Iqbal*, 556 U.S. at 681. The FAC fails to put the Defendants on notice of the alleged wrongful conduct so that they can adequately respond to the allegations. Plaintiff seemingly asserts that all Defendants interfered with his economically advantageous relationship with Luxottica. Yet, by the elements of the cause of action, the defendant must interfere with the relationship of a third party. Luxottica cannot be charged with interfering with its own relationship with Dr. Sivas. This vague and conclusory claim is dismissed.

Because Dr. Sivas has already been given one opportunity to amend the complaint, and he has failed to cure the deficiencies, it is clear that the intentional interference claim cannot be cured by further amendment. It is accordingly dismissed with prejudice and without leave to amend.

### III. CONCLUSION

Dr. Sivas has failed to cure the deficiencies in the complaint, and it is clear that they cannot be cured by further amendment. The FAC is accordingly dismissed with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated: **September 3, 2019**          **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE